IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CHE KRISTIAN SALPAS,<br>Defendant. | 8:26MJ406<br>MOTION FOR STAY AND REVIEW OF RELEASE ORDER |

**GOVERNMENT'S MOTION FOR STAY AND REVIEW OF RELEASE ORDER**

The United States of America, by and through Lesley A. Woods, United States Attorney, and Jody Brent Mullis, Assistant United States Attorney, respectfully moves this Court to stay, review, and overrule the Magistrate Judge's order releasing defendant Che Kristian Salpas ("Salpas") pending trial. On September 5, 2026, Salpas carried an explosive device into Eppley Airfield in Omaha, Nebraska. Had the Transportation Security Administration ("TSA") not located the explosive in his carry-on luggage, Salpas would have carried the explosive device onto the plane. The District Court should stay the release order and order Salpas be detained pending trial.

**I. Procedural and factual posture**

On September 5, 2026, Salpas was scheduled to fly on Delta Flight 3815 from Omaha, Nebraska, to Salt Lake City, Utah. Ex. 4, Criminal Complaint (Filing No. 1), ¶ 5; Ex. 1, boarding pass.[1] The plane was scheduled to depart at 12:42 p.m. Ex. 1. An individual with TSA reviewed Salpas's carry-on baggage and observed a butane lighter. Ex. 4, ¶ 6.[2] TSA pulled Salpas aside and examined his carry-on. *Id*. TSA located a bottle containing a suspected explosive device. *Id*.

[1] References to exhibits refer to exhibits entered into evidence at the September 10, 2026 preliminary hearing and detention hearing.
[2] The butane lighter was operational and produced a flame when ATF later examined it.

Omaha Police Department's ("OPD") bomb squad responded to Eppley. Ex. 4, ¶ 7. Sargeant Kristopher Gates reviewed the device. Ex. 4, ¶ 8; Ex. 2, photo of the explosive device. He indicated that the cardboard tube device had a green hobby/cannon fuse coming from the center, with end caps on each end, indicative of an M-Series explosive device. Ex. 4, ¶ 8. The fuse was not an electric circuit breaker, but instead appeared to be black powder encased in a material designed to be burned down and initiate a powder inside an explosive device. *Id*. Based on the X-ray, there appeared to be an energetic material inside the tube. *Id*.; Ex. 5, X-ray of the explosive device. Sgt. Gates indicated that this appeared to be an explosive device. Ex. 4, ¶ 8.

Agents spoke with Salpas at the airport. *Id.*, ¶ 10. Salpas claimed that on September 2, 2026 (Wednesday), he saw the device at his parents' house in Lincoln, Nebraska. *Id*. He denied placing it into his baggage. *Id*. He claimed that he took all the items out of his bags and saw a firecracker, lighters, and rocks, but denied knowing who re-packed the bags. *Id*. He claimed he did not know who the firecracker belonged to. *Id*.

On September 8, 2026, ATF interviewed Salpas's father, Eugene Parke ("Gene").[3] Gene stated that he had a drawstring bag with an owl printed on the bag that he filled with small gifts for Salpas. He stated the items included fidget spinners, polished agate rocks, hot wheels cars, a fake Rolex watch, wheat head pennies, collectable zippo style lighters, and a firecracker.[4] He described the device as red, white, and blue paper or cardboard with a green fuse. He stated the device was placed into a pill bottle to keep the moisture out of it. He stated that none of the lighters had any fuel in them. He stated when Salpas opened the bag and saw the device, Salpas advised that he could not take it on the airplane. Gene stated that Salpas set the device to the side of the

[3] Due in part to time constraints, the Government is proffering information relating to the interviews of Salpas's parents. At the September 10, 2026 preliminary hearing, ATF S/A Colton Graham testified about some of the parents' statements. Some of this information appears not have been elicited at the preliminary hearing.

[4] Both of Salpas's parents referred to the object located at the airport as a firecracker. For purposes of consistency, the Government will refer to it as, "the device."

table. Gene said that Gene must have slid the device into his bag, but he could not remember if he actually packed the items back into the gift bag. Gene denied providing Salpas with a torch lighter.

On September 8, 2026, ATF interviewed Salpa's mother, Kristine Parke ("Kristine"). Kristine stated that she and Gene went to a flooring business and received two drawstring bags with miscellaneous promotional merchandise items. Kristine and Gene were planning on gifting the two drawstring bags with items to Salpas and his fiancée when they came to visit the first week of September 2026. Kristine advised that Gene wanted to surprise Salpas with extra items, including the device. Kristine advised they only had one unused firecracker. Kristine had asked Gene where he acquired the device and he indicated that he bought it from someone in the parking lot of a grocery store after purchasing other fireworks from a stand around July 4, 2026. Kristine advised that Gene put the device in the drawstring bag that would be gifted to Salpas. Kristine stated that Salpas and his fiancée went through their gift bags just prior to returning to Oregon and Salpas discovered the device. Kristine advised that Salpas stated that he did not know what he was going to do with it and set it aside. Kristine stated that Gene must have put the device into the drawstring bag gifted to Salpas, unbeknownst to the others, and then set the bag near Salpas's luggage. Kristine thought that Salpas re-packed his luggage early the following morning, including the device, without re-checking its contents.

On September 9, 2026, ATF again spoke with Kristine (this time on the phone). She described the device and noted that when she saw it, it was not in a container or sleeve. She indicated that she was not aware of any lighters until she later (after the incident) spoke with Salpas's fiancé and Gene.

On September 9, 2026, law enforcement conducted further testing and confirmed that the device, as reflected in Ex. 2, is an explosive.

On September 10, 2026, following the preliminary hearing, the Magistrate Judge found probable cause. Docket Entry 15. The Magistrate Judge ordered that Salpas be released pending trial. Filing No. 16.

**II. The District Court Should Enter A Stay And Detain Salpas Pending Trial.**

The District Court should enter a stay and reverse the Magistrate Judge's decision releasing Salpas. The District Court reviews *de novo* a magistrate judge's rulings regarding pre-trial detention. *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985) (en banc). The District Court considers *de novo* the Magistrate Judge's denial of pre-trial detention, as if the Court were reviewing its own action. *See United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981) (then construing 18 U.S.C. § 3147, where the current 18 U.S.C. § 3145 was formerly codified) ("The statutory scheme adopted in [18 U.S.C. § 3145] confirms a responsibility on the district court to reconsider the conditions of release fixed by another judicial officer . . . as unfettered as it would be if the district court were considering whether to amend his own action. He is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer."). *See also, United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) ("In our view a district court should fully reconsider a magistrate's denial of bail and in ruling on a motion for revocation or amendment of a detention order should not simply defer to the judgment of the magistrate but reach its own independent conclusion.").

This Court, may proceed to rehear the evidence to support detention by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not raised previously. It may consider the same evidence and reach a different conclusion unfettered by the decision of the magistrate court. In short, the Court may proceed as best enables it to resolve the question posed: whether any condition or combination of conditions reasonably assure the appearance of the person and, perhaps more importantly in this case, the safety of any other person and the community. The

Court is required to consider the factors listed in 18 U.S.C. § 3142(g) when determining if there are conditions of release.

***Nature and Circumstances of the Offense - 18 U.S.C. § 3142(g)(1)***

This crime involves bringing an explosive device into Eppley Airfield. Had TSA not caught Salpas with the explosive device, he would have brought the butane lighter and the explosive device onto the Delta flight to Salt Lake City. Bringing an explosive device into an airport, and onto an airplane, is incredibly dangerous.

***Weight of the Evidence – 18 U.S.C. § 3142(g)(2)***

As reflected at the preliminary hearing, Salpas is claiming he did not know that the explosive device was in his luggage. Beyond the explosive device being in Salpas's baggage, Salpas's father does not actually recall putting the device into his luggage. Further, neither parent acknowledge putting the butane lighter into Salpas's luggage, despite Salpas claiming that he did not put it in the luggage.

***History and Characteristics of the Person – 18 U.S.C. § 3142(g)(3)***

Salpas is a convicted felon. He has a prior felony conviction from Benton County, Oregon, for Aggravated Animal Abuse in the First Degree. Exs. 7, 8, and 9. He was convicted and sentenced in about June 2022. The conviction stems from an April 2022 incident in which Salpas killed a cat with a baseball bat. Ex. 7.

***Danger to the Community – 18 U.S.C. § 3142(g)(4)***

Salpas is a danger to the community. Beyond the prior felony conviction and its highly concerning nature, Salpas bringing an explosive device to Eppley was very dangerous.

## III. CONCLUSION

WHEREFORE, the United States respectfully prays this Honorable Court to stay the release order, conduct an independent *de novo* review, and, if it deems necessary, convene a hearing to review and ultimately overrule the decision releasing Salpas.

DATED this 10th day of September, 2026.

UNITED STATES OF AMERICA, Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By: s/ Jody Brent Mullis
JODY BRENT MULLIS
Assistant U.S. Attorney
1620 Dodge Street, Ste. 1400
Omaha, Nebraska 68102
Tel: (402) 661-3700
Fax: (402) 661-3084
E-mail: jody.mullis@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

s/ Jody Brent Mullis
Assistant U.S. Attorney